**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN THE MATTER OF THE *EX PARTE*
APPLICATION OF POSTALIS FOR AN ORDER
TO TAKE DISCOVERY PURSUANT TO
28 U.S.C. § 1782

Case No. _____

**MEMORANDUM OF LAW IN SUPPORT OF**
**POSTALIS'S *EX PARTE* APPLICATION FOR AN ORDER**
**TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 FROM**
**THE BANK OF NEW YORK MELLON CORPORATION**

KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
tel. +1 212 488 1200
fax. +1 212 488 1220

*Attorneys for Applicant Postalis*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ..................................................................................................1

RELEVANT FACTS .............................................................................................................2

    I.       BNY MELLON AND BNYM BRAZIL ................................................................2

    II.      POSTALIS AND RELEVANT INVESTMENTS ..................................................2

    III.    ALLEGED BNYM BRAZIL MISCONDUCT ......................................................3

THE BRAZIL PROCEEDINGS ..............................................................................................4

REQUESTED DISCOVERY ..................................................................................................8

LEGAL STANDARD ...........................................................................................................8

ARGUMENT ......................................................................................................................9

    I.       POSTALIS SATISFIES THE SECTION 1782 STATUTORY
          REQUIREMENTS .......................................................................................9

    II.      THE *INTEL* DISCRETIONARY FACTORS STRONGLY FAVOR
          GRANTING POSTALIS'S APPLICATION .......................................................11

          A.      BNY Mellon Is Not a Participant in the Brazil Proceedings ....................11

          B.      The Brazil Courts Would Be Receptive to the Requested
                Discovery, and the Character of the Brazil Proceedings Favors
                Granting the Application ...................................................................11

          C.      Postalis Is Not Circumventing Any Brazilian Proof-Gathering
                Restrictions ...................................................................................12

          D.      Postalis's Discovery Requests Are Narrowly Tailored and Are Not
                Unduly Intrusive or Burdensome ........................................................13

CONCLUSION...................................................................................................................14

# **TABLE OF AUTHORITIES**

**Federal Cases**                                                                                        **Page(s)**

*Application of Esses,*
    101 F.3d 873 (2d Cir. 1996)....................................................................................... 10

*Application of Malev Hungarian Airlines,*
    964 F.2d 97 (2d Cir. 1992)........................................................................................ 11

*Brandi-Dohrn v. IKB Deutsche Industriebank AG,*
    673 F.3d 76 (2d Cir. 2012)...........................................................................8, 9, 10, 13

*Euromepa S.A. v. R. Esmerian, Inc.,*
    51 F.3d 1095 (2d Cir. 1992)...................................................................................... 11

*Gushlak v. Gushlak,*
    486 F. App'x 215 (2d Cir. 2012) ............................................................................... 13

*In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor
    Court of Brazil,* 466 F. Supp. 2d 1020 (N.D. Ill. 2006) ............................................ 12

*In re Application for an Order Permitting Metallgesellschaft AG to take Discovery,*
    121 F.3d 77 (2d Cir. 1997)........................................................................................ 10

*In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf,*
    No. 19-88 BSJ, 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) ..................................... 9

*In re Application of Sveaas,*
    249 F.R.D. 96 (S.D.N.Y. 2008) ........................................................................... 10, 11

*In re Edelman,*
    295 F.3d 171 (2d Cir. 2002)...................................................................................... 13

*In re Godfrey,*
    526 F. Supp. 2d 417 (S.D.N.Y. 2007) ......................................................................... 9

*In re Pimenta,*
    942 F. Supp. 2d 1282 (S.D. Fla. 2013) ..................................................................... 12

*In re Xavier,*
    No. 05-12218, 2006 WL 858489 (11th Cir. Apr. 4, 2006)...................................... 12

*Intel Corp. v. Advanced Micro Devices, Inc.,*
    542 U.S. 241 (2004)......................................................................................... passim

*Lopes v. Lopes*,
    180 F. App'x 874 (11th Cir. 2006) ........................................................................... 12

*Lufthansa Technik AG v. Astronics Corp.*,
    553 F. App'x 22 (2d Cir. 2014) .............................................................................. 12

*Marubeni Am. Corp. v. LBA Y.K.*,
    335 F. App'x 95 (2d Cir. 2009) .............................................................................. 12

*Medeiros v. Int'l Game Tech.*,
    No. 2:16-cv-00877, 2016 WL 1611591 (D. Nev. Apr. 22, 2016) ........................... 12

*Minatec Fin. S.A.R.L. v. SI Grp. Inc.*,
    No. 1:08-cv-269, 2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008) ............................ 13

*Nat'l Broad. Co. v. Bear Stearns & Co.*,
    165 F.3d 184 (2d Cir. 1999) ................................................................................... 14

*U.S. Philips Corp. v. Iwasaki Elec. Co.*,
    142 F. App'x 516 (2d Cir. 2005) ............................................................................ 13

*Ukrnafta v. Carpatsky Petroleum Corp.*,
    No. 3:09 MC 265 (JBA), 2009 WL 2877156 (D. Conn. Aug. 27, 2009) .................... 13

**Statutes**

28 U.S.C. § 1782 ........................................................................................... passim

Postalis – Instituto de Previdência Complementar - Sob Intervenção (<u>Postalis</u>) respectfully seeks an order, pursuant to 28 U.S.C. § 1782, authorizing it to take discovery from The Bank of New York Mellon Corporation (<u>BNY Mellon</u>), a resident of the Southern District of New York, for use in proceedings pending in Brazil against three BNYM Mellon subsidiaries:  BNY Mellon Serviços Financeiros Distribuidora de Títulos e Valores Mobilários S.A. (<u>BNYM DTVM</u>), BNY Mellon Administração de Ativos Ltda. (<u>BNYM Ativos</u>), and BNY Mellon Alocação de Patrimônio Ltda. (<u>BNYM Patrimônio</u>) (together, <u>BNYM Brazil</u>).  A copy of the subpoena that Postalis seeks to serve on BNY Mellon is attached to the Application as Exhibit 2.

## <u>PRELIMINARY STATEMENT</u>

Postalis seeks discovery from BNY Mellon for use in a number of pending Brazilian legal proceedings against BNYM Brazil.  Postalis is a Brazilian pension plan created for Brazilian postal workers.   BNYM Brazil provided fund administrator and investment management services to Postalis.  As discussed further below, Postalis has now brought six lawsuits against BNYM Brazil with respect to its fund administrator and/or investment management roles (the <u>Brazil Proceedings</u>).  Postalis alleges that BNYM Brazil engaged in misconduct by, among other things, failing to ensure that Postalis's funds were invested in accordance with applicable law.  Postalis seeks to recover from BNYM Brazil the very substantial losses Postalis incurred as a result of BNYM Brazil's alleged misconduct.

On information and belief, BNY Mellon may have custody and control of documents relevant to the Brazil Proceedings.  As shown below, granting Postalis's requested discovery is proper and appropriate.  *First*, Postalis's Application satisfies each of the statutory requirements because BNY Mellon is "found" in this district, the discovery is sought "for use" in foreign proceedings, and Postalis is an "interested person."  *Second*, the relevant discretionary factors

identified in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) strongly support granting Postalis's Application.

## RELEVANT FACTS

### I.    BNY MELLON AND BNYM BRAZIL

BNY Mellon provides investment management and investment services for institutions, corporations, and individual investors in various countries.  BNY Mellon is headquartered at 240 Greenwich Street, New York, NY 10286.  *See* Decl. of Danielle L. Rose (Rose Decl.), Ex. 1 (excerpts of Form 10-Q for period ending June 30, 2018), at 4.

BNYM Brazil are subsidiaries of BNY Mellon based in Brazil.  BNYM Brazil perform fund administration, fund servicing, fiduciary control services, investment management, and/or other financial services in Brazil.  *See* Decl. of Marcelo Martin Carolino de Paiva (Martin Decl.) at ¶¶ 3 and 7.

### II.    POSTALIS AND RELEVANT INVESTMENTS

Postalis is a Brazilian pension plan that was created for postal workers in Brazil.  *Id.* at ¶ 6.  Postalis is the largest pension plan in Brazil in terms of the number of active participants and is one of the largest in terms of assets managed.  *Id.*  Postalis's Supervisory Board developed investment policies designed to ensure that the plan participants' benefits would be protected.  *Id.* Accordingly, the investment policies limit the type of investments and mix of investments made on behalf of the plan.  *Id.*

Between 2005 and 2008, Postalis invested (directly and indirectly) in two foreign debt funds: Brasil Sovereign II Fundo de Investimento em Dívida Externa (the Sovereign Fund) and Atlântica Real Sovereign Fund (the Atlântica Fund) (together with the Sovereign Fund, the Foreign Debt Funds).  *Id.* at ¶ 8.  In November 2010, the Atlântica Fund was merged into the Sovereign Fund.  *Id.*

Postalis selected BNYM DTVM to administer the Sovereign Fund.  *Id.* at ¶ 9.  As Postalis's funds administrator, BNYM DTVM selected BNYM Ativos and BNYM Patrimônio to provide investment management services related to several investment funds in which Postalis invested (together with the Foreign Debt Funds, the Brazil Funds).  *Id.* at ¶ 10.

### III.   ALLEGED BNYM BRAZIL MISCONDUCT

Starting in 2011, Postalis began to receive reports of mismanagement and fraud with respect to the Foreign Debt Funds.  *Id.* at ¶ 11.  Specifically, between 2011 and 2012, Postalis received reports that both the Comissão de Valores Mobiliários (CVM), Brazil's counterpart to the U.S. Securities and Exchange Commission, and the SEC were investigating misconduct by (i) a Brazilian-based portfolio management company serving as the Foreign Debt Funds' portfolio manager; and (ii) the Miami, Florida-based broker-dealer that the portfolio management company used to make investments for the Sovereign Fund.  *Id.*

In May 2011, BNYM DTVM notified Postalis that the CVM was investigating certain transactions that the portfolio manager had performed for the Sovereign Fund, including for violating the Sovereign Fund's bylaws by allowing private securities to comprise more than twenty percent of the Sovereign Fund's assets.  *Id.* at ¶ 12.  BNYM DTVM assured Postalis that, going forward, it would require the portfolio manager to seek prior approval from BNYM DTVM and Postalis before engaging in any more private securities transactions.  *Id.* at ¶ 13.

In spite of these assurances, in January 2012, BNYM DTVM notified Postalis that all of the Sovereign Fund's government bonds had been sold and replaced by private securities, in clear violation of Brazilian securities regulations, the Sovereign Fund's bylaws, and Postalis's investment policy.  *Id.* at ¶ 14.

In August 2012, the SEC initiated a civil enforcement action and administrative proceeding against the leadership of the portfolio management company and the broker-dealer.

3

*See* Rose Decl., Ex. 2 (Complaint for Injunctive and Other Relief, *SEC v. Neves and Luna*, No. 1:12-cv-23131-UU (S.D. Fla. Aug. 29, 2012) (SEC Compl.)); S.E.C. Release No. 67748, 2012 WL 3716807 (Aug. 29, 2012).

The SEC alleged that the portfolio management company and the broker-dealer had fraudulently marked up prices of certain securities, charging approximately US $24 million in undisclosed excessive fees to the Sovereign Fund.  SEC Compl. ¶¶ 1, 4.  The SEC investigations resulted in the owners and operators of the portfolio management company and broker-dealer being assessed monetary and other penalties.  *See* Martin Decl. at ¶ 15; S.E.C. Release No. 71599, 2014 WL 668866 (Feb. 21, 2014) *modified by* S.E.C. Release No. 84151, 2018 WL 4404605 (Sept. 17, 2018); S.E.C. Release No. 71121, 2013 WL 6665235 (Dec. 18, 2013); S.E.C. Release No. 67864, 2012 WL 4061797 (Sept. 14, 2012) *modified by* S.E.C. Release No. 84138, 2018 WL 4382867 (Sept. 14, 2018).

In addition to the fraud related to the Sovereign Fund, Postalis also discovered fraud, violations of pension fund regulations, and violations of fund bylaws related to several other investment funds in which Postalis was invested and for which BNYM Brazil provided fund administrator and/or investment management services to Postalis.  *See* Martin Decl. at ¶ 16.

### THE BRAZIL PROCEEDINGS

Postalis has filed six lawsuits against BNYM DTVM, BNYM Ativos, BNYM Patrimônio, or a combination of these entities, in several Brazilian courts (the Brazil Courts):

| Brazil Proceeding | Court | Case Number | Initiation Date | Fund Involved |
|---|---|---|---|---|
| No. 1 | Civil Court of the Judicial District of Rio de Janeiro | 0266411-48.2014.8.19.0001 | August 2014 | Brasil Sovereign II Fundo de Investimento em Dívida Externa and Atlântica |

| | | | | |
|---|---|---|---|---|
| | | | | Real Sovereign Fund |
| No. 2 | Business Court of the Judicial District of Rio de Janeiro | 0075917-95.2015.8.19.0001 | March 2015 | BNY Mellon Douro Fundo de Investimento em Cotas de Fundos de Investimento Multimercado and FCP Fundo de Investimento em Cotas de Fundos de Investimento Multimercado |
| No. 3 | Business Court of the Judicial District of Rio de Janeiro | 0499308-14.2015.8.19.0001 | December 2015 | São Bento Fundo de Investimento em Cotas de Fundos de Investimento Multimercado and Fundo de Investimento General Shopping Ativo e Renda - FII |
| No. 4 | Business Court of the Judicial District of Rio de Janeiro | 0499418-13.2015.8.19.0001 | December 2015 | Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Serengeti and Riviera Fundo de Investimento Multimercado – Crédito Privado |
| No. 5 | Business Court of the Judicial District of Rio de Janeiro | 0499277-91.2015.8.19.0001 | December 2015 | São Bento Fundo de Investimento em Cotas de Fundos de Investimento Multimercado and Tejo Fundo de Investimento em Ações |

| No. 6 | Federal Court of the Judicial District for the Federal Capital District | 1017589-12.2017.4.01.3400 | February 2016 | The entire Postalis investment portfolio managed by BNYM Brazil |
|---|---|---|---|---|

*See* Martin Decl. at ¶ 17.

In Brazil Proceeding No. 1, Postalis is pursuing claims against BNYM DTVM for negligently failing to perform duties, including for its lack of due diligence with respect to, and control over, the portfolio manager and its resulting investments.  *Id.* at ¶ 18; Rose Decl., Ex. 1 at 92 (disclosing that "Postalis alleges that DTVM failed to properly perform alleged duties, including duties to conduct due diligence of and exert control over the fund manager … and [its] investments.").  Postalis seeks damages for the total amount of losses that Postalis incurred as a result of the misconduct.  Martin Decl. at ¶ 18.

In Brazil Proceeding No. 2, Postalis is pursuing claims against BNYM DTVM and BNYM Ativos for negligently failing to perform duties related to FCP Fundo de Investimento em Cotas de Fundos de Investimento Multimercado.  *Id.* at ¶ 19; Rose Decl., Ex. 1 at 92 (describing allegations in this lawsuit for "failure to properly perform alleged duties relating to another fund of which DTVM is administrator and Ativos is investment manager.").  Postalis seeks damages for the total amount of losses incurred, estimated at more than 24 million Brazilian reais (about US $6.5 million).  Martin Decl. at ¶ 19.

In Brazil Proceeding No. 3, Postalis is pursuing claims against BNYM DTVM and BNYM Ativos for negligently failing to perform duties related to investments in the Fundo de Investimento General Shopping Ativo e Renda – FII, through São Bento Fundo de Investimento em Cotas de Fundos de Investimento Multimercado.  *Id.* at ¶ 20; Rose Decl., Ex. 1 at 92

(describing allegations in this lawsuit for "failure to properly perform alleged duties and liabilities for losses with respect to investments"). Postalis seeks damages for the total amount of losses incurred, estimated at more than 3.8 million Brazilian reais (just over US $1 million). Martin Decl. at ¶ 20.

In Brazil Proceeding No. 4, Postalis is pursuing claims against BNYM DTVM and BNYM Ativos for negligently failing to perform duties related to investments made by Riviera Fundo de Investimento Multimercado – Crédito Privado, in which Postalis invested through Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Serengeti. *Id.* at ¶ 21; Rose Decl., Ex. 1 at 92 (describing allegations in this lawsuit for "failure to properly perform alleged duties and liabilities for losses with respect to investments"). Postalis seeks damages for the total amount of losses incurred, estimated at more than 3.4 million Brazilian reais (about US $920,000). Martin Decl. at ¶ 21.

In Brazil Proceeding No. 5, Postalis is pursuing claims against BNYM DTVM and BNYM Ativos for negligently failing to perform duties related to investments made by Tejo Fundo de Investimento em Ações, in which Postalis invested through São Bento Fundo de Investimento em Cotas de Fundos de Investimento Multimercado. *Id.* at ¶ 22; Rose Decl., Ex. 1 at 92 (describing allegations in this lawsuit for "failure to properly perform alleged duties and liabilities for losses with respect to investments"). Postalis seeks damages for the total amount of losses incurred, estimated at more than 13 million Brazilian reais (about US $3.5 million). Martin Decl. at ¶ 22.

In Brazil Proceeding No. 6, Postalis is pursuing claims against BNYM DTVM, BNYM Ativos, and BNYM Patrimônio for negligently failing to perform duties related to investments in various other funds of which the defendants were administrator and/or manager. *Id.* at ¶ 23;

Rose Decl., Ex. 1 at 92 (describing allegations in this lawsuit for "failure to properly perform duties and liability for losses with respect to investments in various other funds of which the defendants were administrator and/or manager.").  Postalis seeks damages of more than 2 billion Brazilian reais (about US $541 million) for losses and penalties for breach of contract.  Martin Decl. at ¶ 23.

## REQUESTED DISCOVERY

Postalis seeks documents from BNY Mellon, from January 1, 2005 (around when Postalis selected BNYM DTVM to administer an investment fund) to February 4, 2016 (when the latest of the Brazil Proceedings commenced) concerning the Brazil Funds, including the administration and management of the Brazil Funds, investment decisions related thereto, and any BNY Mellon investigation of BNYM Brazil's administration and/or management of the Brazil Funds.

Postalis also seeks to depose a corporate representative of BNY Mellon regarding the same subject.

## LEGAL STANDARD

Section 1782 authorizes federal district courts to order persons located in the United States to produce discovery for use in foreign legal proceedings.  28 U.S.C. § 1782(a).[1]  "[T]he statute has, over the years, been given increasingly broad applicability."  *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (citations and quotations omitted). To obtain discovery under Section 1782, an applicant must show that:  (i) the person from whom discovery is sought resides or is found within the district; (ii) the discovery is "for use" in a

---

[1] 28 U.S.C. § 1782(a) provides, in relevant part:  "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . .  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."

proceeding before a foreign or international tribunal; and (iii) the applicant is an interested person under the statute.  28 U.S.C. § 1782(a); *see also Brandi-Dohrn*, 673 F.3d at 80.

Once the statutory requirements are met, courts consider four discretionary factors set forth by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241 (2004):  (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (iii) whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies"; and (iv) whether the discovery sought is "unduly intrusive or burdensome[.]"  542 U.S. at 264-65.  In considering these factors, courts exercise their discretion liberally in favor of granting discovery.  *See Brandi-Dohrn*, 673 F.3d at 80.

<u>**ARGUMENT**</u>

The Court should grant Postalis's Application because (i) Postalis satisfies the statutory prerequisites for relief under Section 1782, and (ii) the four discretionary factors heavily favor granting Postalis's Application.

## I.    POSTALIS SATISFIES THE SECTION 1782 STATUTORY REQUIREMENTS

Postalis's Application satisfies each of the three Section 1782 requirements.

*First,* BNY Mellon is a resident of, and found within, the Southern District of New York. Rose Decl., Ex. 1 at 4; *In re Godfrey*, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (a corporation is found in a district where it is incorporated or headquartered); *In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*, No. 19-88 BSJ, 2006 WL 3844464, at *4 (S.D.N.Y. Dec. 29, 2006) ("[The discovery target] maintains its headquarters in New York, and thus is 'found' within this district").

*Second*, the evidence requested is "for use" in a foreign proceeding. The "for use" condition requires that the requested discovery has some relevance to the foreign proceeding. *See In re Application of Sveaas*, 249 F.R.D. 96, 106-07 (S.D.N.Y. 2008). Relevance "is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Id.* District courts should not attempt to determine whether the evidence would actually, or even probably, be discoverable or admissible in the foreign proceeding. *Brandi-Dohrn*, 673 F.3d at 82 (noting unanimity among the Circuits who have ruled on the issue). Where relevance is in doubt, a court applying Section 1782 should be "broadly permissive" of discovery. *Sveaas*, 249 F.R.D. at 107.

Here, as Postalis's Brazilian counsel has attested, Postalis seeks evidence from BNY Mellon for use in the Brazil Proceedings to assist Postalis in proving that BNYM Brazil acted negligently and breached fiduciary duties by, among other things, failing to prevent or put an end to misconduct that caused Postalis's funds to sustain significant losses. *See* Martin Decl. at ¶ 28.

*Third,* as the plaintiff in the Brazil Proceedings, Postalis is an "interested person" under Section 1782. *See Intel*, 542 U.S. at 256, 258 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782"); *Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (a party to the underlying foreign proceedings "is an 'interested person' within the meaning of the statute"); *In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997) (as a party to the foreign proceeding, the applicant qualifies as an interested person).

## II.     THE *INTEL* DISCRETIONARY FACTORS STRONGLY FAVOR GRANTING POSTALIS'S APPLICATION

As a matter of discretion, under the Supreme Court's decision in *Intel*, discovery should also be granted.

### A.     BNY Mellon Is Not a Participant in the Brazil Proceedings

BNY Mellon is not a party to the Brazil Proceedings.  *See* Decl. of Marcelo Levitinas (Levitinas Decl.) at ¶ 6.  This factor weighs in favor of granting discovery.  *See Intel*, 542 U.S. at 264; *Sveaas*, 249 F.R.D. at 107 ("status as a non-party in the foreign actions weighs in favor of granting [Applicant's] application.").[2]

### B.     The Brazil Courts Would Be Receptive to the Requested Discovery, and the Character of the Brazil Proceedings Favors Granting the Application

The Brazil Courts would be receptive to the requested discovery.  In examining the second *Intel* factor, "a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would ***reject*** evidence obtained with the aid of section 1782."  *Euromepa*, 51 F.3d at 1100 (emphasis added).  Authoritative proof is limited to proof "embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures[.]"  *Id.*

In this case, the Brazil Courts have not issued any such statement or order.  Martin Decl. at ¶ 30; Levitinas Decl. at ¶ 10.  And there is no indication, let alone authoritative proof, that

---

[2] Even if BNY Mellon were amenable to subjecting itself to discovery in Brazil, Postalis need not first seek discovery in the foreign tribunal.  As the Second Circuit has explained, there is no "'quasi-exhaustion requirement' . . . that would force litigants to seek information through the foreign or international tribunal before requesting discovery from the district court."  *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1098 (2d Cir. 1995) (internal quotations omitted); *Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992) ("We find nothing in the text of 28 U.S.C. § 1782 which would support a quasi-exhaustion requirement").

the Brazil Courts would reject any of the documents or information gathered pursuant to the Application.  *See* Levitinas Decl. at ¶ 8.  Indeed, other U.S. courts routinely grant Section 1782 applications seeking discovery for use in Brazilian courts.  *See, e.g.*, *In re Xavier*, No. 05-12218, 2006 WL 858489, at *1 (11th Cir. Apr. 4, 2006) (affirming grant of Section 1782 application in aid of Brazilian proceedings); *Lopes v. Lopes*, 180 F. App'x 874, 878 (11th Cir. 2006) (approving Section 1782 discovery to be used in Brazilian court); *Medeiros v. Int'l Game Tech.*, No. 2:16-cv-00877, 2016 WL 1611591, at *3 (D. Nev. Apr. 22, 2016) (granting Section 1782 application and finding, "[t]here is no indication that the Brazilian court would be unreceptive to such discovery."); *In re Pimenta*, 942 F. Supp. 2d 1282, 1290 (S.D. Fla. 2013) (granting Section 1782 discovery in aid of proceedings in Brazil probate court); *In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1032 (N.D. Ill. 2006) (finding that Brazilian courts would likely be receptive to Section 1782 discovery because, under the Brazilian Constitution, only an explicit law or ruling can preclude foreign discovery).

### C.    Postalis Is Not Circumventing Any Brazilian Proof-Gathering Restrictions

Postalis seeks this discovery in good faith and is not attempting to circumvent the foreign tribunal's proof gathering restrictions.  The Brazil Courts have issued no orders limiting Postalis from seeking discovery from third parties.  Martin Decl. at ¶ 30; Levitinas Decl. at ¶ 10.  And discovery from BNYM Brazil's corporate parent is entirely appropriate.  Courts in the Second Circuit routinely grant Section 1782 applications seeking discovery from U.S. entities where an affiliate is involved in foreign litigation.  *See, e.g.*, *Lufthansa Technik AG v. Astronics Corp.*, 553 F. App'x 22, 23 (2d Cir. 2014) ("Parent corporations have been compelled to produce documents in the hands of subsidiaries, and subsidiaries documents in the hands of their parent entities" (citations and quotations omitted)); *Marubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x 95 (2d Cir.

2009) (district court properly granted a Section 1782 application requiring a U.S. subsidiary to produce evidence for use in foreign litigation against its parent company); *U.S. Philips Corp. v. Iwasaki Elec. Co.*, 142 F. App'x 516, 517 (2d Cir. 2005) (district court properly permitted a Section 1782 applicant to use discovery from U.S. subsidiary in foreign patent litigation involving the parent corporation).  Accordingly, this factor also weighs in favor of granting the Application.

### D.    Postalis's Discovery Requests Are Narrowly Tailored and Are Not Unduly Intrusive or Burdensome

Postalis's proposed subpoena is narrowly tailored and not "unduly intrusive or burdensome."  *Intel,* 542 U.S. at 265.  Postalis has propounded only one document request, which seeks a discrete universe of documents relating to the Brazil Funds and the administration and/or management thereof.  Postalis has also limited the requested deposition testimony to the same topic.  Thus, the potential burden and expense of compliance would be minimal.  *See Minatec Fin. S.A.R.L. v. SI Grp. Inc.*, No. 1:08-cv-269, 2008 WL 3884374, at *8 (N.D.N.Y. Aug. 18, 2008) (no undue burden where the document request was "specifically and narrowly tailored"); *Ukrnafta v. Carpatsky Petroleum Corp.*, No. 3:09 MC 265 (JBA), 2009 WL 2877156, at *5 (D. Conn. Aug. 27, 2009) (granting Section 1782 application where "discovery [was] narrowly tailored to the subject matter of the [foreign] proceedings").

Finally, it is appropriate for this Court to consider Postalis's Application on an *ex parte* basis because BNY Mellon remains free to challenge any discovery request by moving to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3).  *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (citing *Brandi–Dohrn v. IKB Deutsche Industriebank AG,* 673 F.3d 76, 78 (2d Cir. 2012)) (finding it "neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*"); *In re Edelman,* 295 F.3d 171, 173–75 (2d

13

Cir. 2002) (same); *Nat'l Broad. Co. v. Bear Stearns & Co.,* 165 F.3d 184, 186 (2d Cir. 1999) (same).

<u>**CONCLUSION**</u>

Based on the foregoing, Postalis respectfully petitions the Court to enter the proposed Order attached to the Application as Exhibit 1, authorizing issuance of the subpoena attached to the Application as Exhibit 2 and directing BNY Mellon to respond to the subpoena in accordance with such Order.

Dated:　　　　New York, New York
　　　　　　　October 31, 2018

Respectfully submitted,

　*s/ Danielle L. Rose*
KOBRE & KIM LLP
Danielle L. Rose
800 Third Avenue
New York, New York 10022
tel. +1 212 488 1200
fax. +1 212 488 1220
danielle.rose@kobrekim.com

John D. Couriel
201 South Biscayne Boulevard
Suite 1900
Miami, Florida 33131
tel. +1 305 967 6100
fax. +1 305 967 6120
john.couriel@kobrekim.com

*Attorneys for Applicant Postalis*